IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHRISTOPHER LAMAR TOWNSEND,    )
                               )
              Plaintiff,       )
                               )
   v.                          )          1:22cv399
                               )
LANE FURNITURE et. al.,        )
                               )
              Defendant.       )
```

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's Application for the limited purpose of recommending dismissal of the Complaint for lack of subject matter jurisdiction.

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because a Complaint that lacks an arguable basis in law is frivolous within the meaning of Section 1915(e), the Court "may consider subject matter jurisdiction as part of the frivolity review." Overstreet v. Colvin, No. 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")).

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction, here Plaintiff, bears the burden of establishing subject matter jurisdiction. Adams v.

-2-

Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). To that end, "[t]he complaint must affirmatively allege the grounds for jurisdiction." Overstreet, 2014 WL 353684, at *3.

"Among the several constitutional bases for jurisdiction, Article III § 2 permits courts to decide controversies between citizens of different states." Navy Fed. Credit Union v. LTD Fin. Servs., LP, 972 F.3d 344, 352 (4th Cir. 2020). By statute, Congress has required **complete** diversity of citizenship in order for a Court to exercise this form of subject matter jurisdiction. See 28 U.S.C. § 1332(a)(1) (authorizing diversity of citizenship subject matter jurisdiction); Navy Fed., 972 F.3d at 352 ("Unlike the constitutionally permitted 'minimal diversity' jurisdiction, diversity must be 'complete' to satisfy this Congressional grant."). "[C]omplete diversity among parties[] mean[s] that the citizenship of every plaintiff must be different from the citizenship of every defendant." Central W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

"A complaint alleging jurisdiction based on diversity of citizenship must contain factual assertions which would support diversity." Schaefer v. Marion I. & Henry J. Knott Found., Inc., No. 86-3622, 813 F.2d 1228 (table), 1987 WL 36777, at *1-2 (4th

-3-

Cir. Mar. 11, 1987) (unpublished). Put another way, "[a] party fails to demonstrate diversity jurisdiction, and the [C]ourt must dismiss the case, where the record does not inform the court of the citizenship of each of the parties." Passport Health, LLC v. Avance Health Sys., Inc., 823 F. App'x 141, 153 (4th Cir. 2020), as amended (Aug. 17, 2020) (citing Clephas v. Fagelson, Shonberger, Payne & Arthur, 719 F.2d 92, 93-94 (4th Cir. 1983)). Courts may not overlook this requirement, and in fact "have an independent obligation to determine whether subject-matter jurisdiction exists," Hertz Corp. v. Friend, 559 U.S. 77, 94, (2010), because subject matter jurisdiction "involves a court's power to hear a case," Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

## **DISCUSSION**

The Complaint asserts a state law claim for negligence against Defendants and invokes the Court's diversity jurisdiction. (See Docket Entry 2 at 1 (header of title page noting basis for action and jurisdiction), 3 (stating damages exceed $75,000), 5 (contending that driver did not "uphold[] his standard/duty of care") (all caps typeset omitted).) Plaintiff thus bears the burden of establishing subject matter jurisdiction, which he cannot meet without alleging that his citizenship differs from that of each defendant. See, e.g., Adams, 697 F.2d at 1219; Central W. Va. Energy, 636 F.3d at 103. The Complaint identifies Plaintiff as a resident of North Carolina. (Docket Entry 2 at 1.) However, the

-4-

Complaint contains no factual assertions to support diversity jurisdiction as to one of the two Defendants. (See id. at 2.) Specifically, for Defendant Jose Martir Gamez, apparently the driver of the vehicle that struck Plaintiff, the Complaint states "Unknown/Not Certain" for his state of residence. (Id.) And the Complaint lacks any indicia to support the notion that Defendant Gamez resides outside of North Carolina. (See id. at 5 (stating that accident occurred in Lexington, North Carolina).) Although the Complaint alleges diverse citizenship between Plaintiff and the first Defendant, Lane Furniture (see id. at 2 (listing Lane Furniture's state of residence as Mississippi)), Section 1332(a) requires complete diversity of citizenship in order for a Court to exercise diversity jurisdiction, see Navy Fed., 972 F.3d at 352. Because the Complaint does not "inform the court of the citizenship of each of the parties," Passport Health, 823 F. App'x at 153, Plaintiff has failed to establish subject matter jurisdiction and the Court must dismiss the case, see Clephas, 719 F.2d at 93–94. The Court may not overlook this requirement due to its "independent obligation to determine whether subject-matter jurisdiction exists," Hertz, 559 U.S. at 94, because without subject matter jurisdiction, the Court possesses no "power to hear a case," Arbaugh, 546 U.S. at 514.

In sum, the Complaint does not establish subject matter jurisdiction. In the absence of such jurisdiction, the Complaint

-5-

Case 1:22-cv-00399-CCE-LPA   Document 4   Filed 10/19/22   Page 5 of 6

lacks an arguable basis in law, see Neitzke, 490 U.S. at 325, and therefore fails as frivolous, see 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED** for the limited purpose of entering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed as frivolous for lack of subject matter jurisdiction, pursuant to Section 1915(e)(2).

This 19th day of October, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**